IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SDF, L.L.C., a New Mexico Limited
Liability Company,

       Plaintiff,

vs.                                                               No. CV 17-00720 RB-KBM

CONOCOPHILLIPS COMPANY
and HILCORP SAN JUAN, L.P.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Statutes of limitations, legally-imposed time limits on when a plaintiff may bring certain claims, "are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights . . . ." *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352 (1983) (citations omitted). But these legally-imposed time limits can create inequitable results, a reality that spurred New Mexico courts to adopt the doctrine of equitable recoupment over twenty years ago. Equitable recoupment reduces the inequity of statutes of limitations by allowing a party to assert a time-barred claim as a defense against another party's factually-related claims.

The plaintiff in this case, SDF LLP, asks the Court to recognize for the first time in New Mexico an "illegal recoupment" claim when a party wrongfully invokes the doctrine of equitable recoupment. As there is no good reason to recognize such a claim, and such a claim would eviscerate New Mexico's equitable recoupment doctrine, the Court declines to recognize the proposed illegal recoupment claim.

# FACTS

Plaintiff SDF is a limited liability company whose sole member is Samuel L. Dazzo Jr., a citizen of New Mexico. (*See* Doc. 1 at 2.) SDF owns the right to receive about 1/4th of 7/8th (or about 7/32) of the oil and gas revenue from certain federal leases in Rio Arriba County, New Mexico. (*See* Doc. 1, Ex. 1 at 2.) SDF refers to this 7/32 royalties interest as "Subject Overrides." (*Id.*)

Since 1990, Defendant ConocoPhillips Company (COP), a Delaware corporation with its principal place of business in Texas, has paid Subject Overrides to SDF. (*Id.* at 1, 4.) But in May 2016, COP stopped paying Subject Overrides. (*Id.* at 7.) According to COP, it was only contractually obligated to pay Subject Overrides for the months when it extracted, on average, more than 500,000 cubic feet (500 Mcf) of gas per well each day. (*See id.* at 3, 7.) COP has never met the 500 Mcf threshold, so from its perspective it had unnecessarily paid Subject Overrides since 1990. (*See id.* at 4, 7.)

After halting Subject Override payments, COP sold its interest in the federal leases burdened by the Overrides to Defendant Hilcorp San Juan, L.P. (*See id.* at 7.) Hilcorp, a limited partnership with no partners in New Mexico, then took over COP's obligation to pay Subject Overrides to SDF. (*See* Doc. 1 at 2; Doc. 1, Ex. 1 at 8.) Like COP, Hilcorp believes that Subject Override payments are only necessary for the months when it extracts a daily average of 500 Mcf of gas per well. (*See* Doc. 1, Ex. 1 at 8.)

SDF disagrees with COP and Hilcorp's interpretation of their obligation to pay Subject Overrides. (*See id.* at 5.) It sued COP and Hilcorp (collectively, "Defendants") in New Mexico state court, asking the court to declare that Defendants had to pay the Subject Overrides regardless of whether they met the 500 Mcf threshold. (*See id.* at 8.) SDF also alleged that,

among other things, Defendants were guilty of breach of contract and "illegal recoupment." (*See id.* at 10–11.)

Defendants removed the case to this Court, (*see* Doc. 1 at 1), and now ask the Court to dismiss SDF's illegal recoupment claim, (Doc. 8 at 1).

## LEGAL STANDARD

Through Federal Rule of Civil Procedure 12(b)(6), defendants may ask a court to dismiss any part of a plaintiff's complaint that fails to state a viable claim for relief. *See* Fed. R. Civ. P. 12(b)(6). When considering whether to dismiss the challenged portion of a plaintiff's complaint based on a 12(b)(6) motion, the court examines the plausibility of the complaint, accepting all of the plaintiff's well-pleaded allegations as true and construing the allegations in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotations and citations omitted).

## DISCUSSION

Jurisdiction arises under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, and there is complete diversity between the plaintiff and defendants. Venue is proper in the District of New Mexico because the District embraces the state court where the action was pending. *See* 28 U.S.C. § 1441(a); *see also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66 (1953) (explaining that in removal actions, venue is governed by 28 U.S.C. § 1441(a) instead of 28 U.S.C. § 1391, the general venue statute).

Defendants argue that SDF's illegal recoupment claim is not a legitimate claim for relief in New Mexico. The validity of an illegal recoupment claim has never been addressed by the New Mexico Supreme Court—the highest court of the state. As such, this Court must predict

how the New Mexico Supreme Court would rule on the issue. *See SCO Grp., Inc. v. Int'l Bus. Machs. Corp.*, 879 F.3d 1062, 1082 (10th Cir. 2018).

Generally, federal courts in the Tenth Circuit are "reticent to expand state law without clear guidance from the [state's] highest court." *See id.* (citations and quotations omitted). The Tenth Circuit has explained that "a party encouraging a federal court to apply a new legal principle under state law must make a 'strong showing' that the highest court of that state would adopt that principle if presented with the question." *See id.* (citations and quotations omitted). For guidance on whether the New Mexico Supreme Court would recognize a cause of action for illegal recoupment, the Court looks to how New Mexico courts have treated the general doctrine of equitable recoupment.

According to the New Mexico Court of Appeals, the highest court in New Mexico to discuss equitable recoupment in detail, equitable recoupment is a judicial doctrine designed to "avoid the inequity that would otherwise result from strict adherence to statutes of limitations." *See City of Carlsbad v. Grace*, 966 P.2d 1178, 1183 (N.M. Ct. App. 1998) (citation omitted). Specifically, "equitable recoupment allows a party to use a claim barred by the limitations period as a defense to another party's timely claim where the two claims arise out of the same transaction or event." *See id.* (citation omitted). Equitable recoupment is a proper *defense* in New Mexico oil and gas litigation, but a party cannot circumvent the statute of limitations by affirmatively asserting a time-barred contention under the guise of an equitable recoupment claim. *See id.* at 1185, 1187.

In *City of Carlsbad*, Grace Oil Company withheld royalty payments to the City of Carlsbad after discovering that it had overpaid royalties to the City. *See id.* at 1180. In response, the City of Carlsbad sued Grace Oil Company, arguing in part that the oil company's claim for

overpayments was barred by the statute of limitations. *See id.* Though the New Mexico Court of Appeals agreed that Grace Oil Company's claim for overpayments was time barred, it ruled that Grace still could—through the doctrine of equitable recoupment—assert the overpayments as a defense against any factually-related claim that the City brought. *See id.* The Court of Appeals cautioned, however, that equitable recoupment only permitted a time-barred claim to be used as a defense, not as an affirmative claim. *See id.* at 1187. Grace Oil Company could not, therefore, seek a declaratory ruling enabling it to recover the amount it overpaid by withholding future royalty payments, since seeking such a ruling would be tantamount to seeking affirmative relief. *See id.*

In this case, SDF believes that Defendants "illegally" invoked the defense of equitable recoupment. According to SDF, Defendants' main sin is the "self-help" nature of the recoupment: rather than first obtaining judicial permission to do so, Defendants simply withheld payments. (*See* Doc. 13 at 5–9.) In addition, SDF adds that there is no contractual provision between SDF and Defendants that permits recoupment, and that New Mexico's Oil and Gas Proceeds Payment Act prohibits self-help recoupment. (*See id.* at 6–8.)

The Court first turns to SDF's primary complaint—that Defendants are guilty of illegal recoupment because they withheld payments in a self-help fashion, without seeking judicial permission. If SDF is right about self-help and illegal recoupment, then there would be little left of the equitable recoupment doctrine. Equitable recoupment necessarily involves time-barred claims, which may not be invoked affirmatively. *See City of Carlsbad*, 966 P.2d at 1183, 1187. This means that lessees with time-barred unjust enrichment claims—like Defendants in this case—may not seek a declaratory judgment enabling them to withhold payments. *See id.* at 1187. Under SDF's theory of illegal recoupment, then, those lessees can neither seek a declaratory

5

judgment nor turn to "self-help" withholding of payments, forcing the lessees to dutifully pay the lessors. Lessors receiving payments would have little incentive to sue the lessees, sharply reducing the opportunity for lessees to use the equitable recoupment defense. Thus, by recognizing an illegal recoupment claim whenever a party turned to self-help withholding, the Court would debilitate New Mexico's equitable recoupment doctrine.

In addition to dramatically decreasing the utility of New Mexico's equitable recoupment doctrine, SDF's belief that self-help recoupment is impermissible also contradicts case law. In *City of Carlsbad*, Grace Oil Company never sought judicial permission before withholding payments from the City. *See City of Carlsbad*, 966 P.2d at 1180. Yet instead of dismissing Grace Oil Company's recoupment defense, the *City of Carlsbad* Court held that the effectiveness of the defense depended on the idiosyncratic equitable characteristics of the case—demonstrating that equitable recoupment remains viable even if the party employing the defense resorted to self-help recoupment. *See id.* at 1185.

Further, SDF has provided no good reason to believe that the New Mexico Supreme Court would water down the equitable recoupment doctrine. SDF argues that there is no contractual provision between the parties that authorizes equitable recoupment, (*see* Doc. 13 at 6), but SDF has cited zero cases that suggest equitable recoupment must be contractually authorized. Indeed, courts have recognized equitable recoupment even when the party asserting it points to no contractual justification. *See, e.g.*, *City of Carlsbad*, 966 P.2d at 1185–86 (recognizing equitable recoupment defense in absence of authorizing contractual provision).

SDF also argues that New Mexico's Oil and Gas Proceeds Payment Act, NMSA 1978 §§ 70-10-1–70-10-6, prohibits equitable recoupment because the statute mandates timely payments of oil and gas proceeds to "all persons legally entitled to such payments." (*See* Doc. 13

at 7–8.) But SDF's argument is the poster child of circular reasoning: whether SDF is "legally entitled" to Subject Overrides under the Proceeds Payment Act depends on the effectiveness of Defendants' equitable recoupment defense, so SDF cannot claim that the equitable recoupment defense is rendered ineffective by the Proceeds Payment Act.

Finally, SDF's illegal recoupment claim is duplicative of its breach of contract and declaratory judgment claims. The New Mexico Supreme Court has refused to recognize a cause of action when it would merely repeat another asserted cause of action. *See Chavez v. Chenoweth*, 553 P.2d 703, 710 (N.M. 1976) (refusing to recognize plaintiff's claim for breach of fiduciary duty because the fiduciary duty the defendant owed the plaintiff was one of good faith, and the plaintiff had already asserted a claim for breach of the good faith duty). Here, SDF has already asserted a breach of contract and declaratory judgment claim against Defendants. (*See* Doc. 1, Ex. 1 at 8–10.) SDF's illegal recoupment claim would simply repeat those claims.

When the New Mexico Supreme Court has not discussed a topic of state law—as is the case with illegal recoupment—the federal court dealing with the issue must predict how the New Mexico Supreme Court would rule. The Court predicts that the New Mexico Supreme Court would not significantly erode New Mexico's equitable recoupment doctrine just to create a repetitive cause of action. Accordingly, there is no cause of action for illegal recoupment in the context of overpaid oil and gas royalties.

## CONCLUSION

For the reasons articulated above, the Court **grants** Defendants' motion to dismiss SDF's third claim for relief (Doc. 8).

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

7