IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SDF, L.L.C., a New Mexico Limited
Liability Company,

       Plaintiff,

vs.                                                                           CIV 17-0720 RB/KBM

CONOCOPHILLIPS COMPANY
and HILCORP SAN JUAN, L.P.,

       Defendants.

## **MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel No. 1 for Production of Documents (*Doc. 37*), filed January 19, 2018. Having thoroughly reviewed the parties' submissions and all pertinent authority, the Court finds that Plaintiff's Motion is well taken in part.

### I.    BACKGROUND

This case stems from a dispute regarding gas overriding royalties ("ORR") and the so-called "500 Mcf Clause" associated with San Juan Basin federal lease NM-03560 and federal lease NM-03521. The 500 Mcf Clause stipulates that the owner of the royalties is entitled to payment of the ORR Interest ("ORRI") only when the wells located on the subject lease produce more than 500,000 cubic feet of gas per well per day.

In September 2012, Defendant ConocoPhillips ("COP") notified Plaintiff SDF, L.L.C. ("SDF") that it would suspend its ORRI payments because gas production associated with SDF's lease was below that level. Despite this notification, however,

COP continued making ORRI payments to SDF until terminating those payments in May 2016.

SDF then sought an explanation for the termination of the ORRI payments. In an October 14, 2016 e-mail, COP Division Order Analyst Ladonna Mitchell explained that "[i]t was determined that the average daily production has been below 500 mcf/day since 1957 . . . . Notice letters were sent to SDF, LLC on September 5, 2012 . . . notifying them of COP[]'s intent to reduce the ORRI . . . . This was discovered during a Land audit of the Exhibit B Schedules for each of the Federal Unit." *Doc. 1-1* at 2.

At issue on this motion to compel is Plaintiff's Request for Production No. 3 which seeks production of "the documents concerning and reflecting results of the Land audit of the Exhibit B Schedules for each Federal Unit audited as stated in the Mitchell Email." *Doc. 37-1* at 2. Defendants objected, but did state that they would "make available for inspection the 'Land audit' file for the property that is the subject of Plaintiff's claims in this case." *Doc. 37-1* at 3. Plaintiff, however, seeks production of the entire Exhibit B Audit, not just its individual land audit file.

Defendants assert that the referenced Exhibit B Audit "involved analyzing the ownership schedules . . . of more than 20 federal units to confirm the accuracy of *COP's working interest* as stated on the schedules." *Doc. 42* at 2. As part of the audit, COP learned of the 500 Mcf discrepancy related to SDF's ORRI, but "COP believes that other than this SDF issue, the Exhibit B Audit did not involve or otherwise implicate any other 500 mcf clauses." *Doc. 42* at 3. Instead, Defendants explain that COP reviewed 500 Mcf Clauses in 2010-2012 ("the Royalty Review"). *Doc. 42* at 2. Accordingly, Plaintiff also now seeks production of documents reflecting the results of the Royalty

2

Review. *Doc. 44* at 4-5. Defendants object to these requests, arguing the information sought is irrelevant and not proportional to the case.

II.     ANALYSIS

Under Federal Rule of Civil Procedure 26(b)(1), discoverable information is anything non-privileged "that is relevant to any party's claim or defense and proportional to the needs of the case." "[A] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *In re Vaughan Company*, No. 12-cv-0817 WJ/SMV, 2014 WL 12787951, at *2 (D.N.M Sept. 19, 2014) (citing *Williams v. Bd. of Cnty. Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000)). Proportionality is determined by considering "the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P 26(b)(1). While the scope of discovery under Rule 26 is broad, *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995), discovery is not meant to be a fishing expedition. *McGee v. Hayes*, 43 F. App'x 214, 216-17 (10th Cir. 2002).

   a. **Relevance**

Defendants believe that the Exhibit B Audit did not involve review of any 500 Mcf Clauses, other than in relation to SDF's ORRI. Rather, Defendants assert the Exhibit B Audit involved analyzing COP's ownership schedules. While Plaintiff requests all documents concerning and reflecting the Exhibit B Audit results for every Federal Unit, it makes clear in its Motion to Compel that the only relevant information is audit results

3

specifically related to 500 Mcf Clauses. *See, e.g.*, *Doc. 37* at 6 ("[H]ow the royalty accounting has been consistent, or inconsistent, among owners *whose instruments contain the 500 Mcf Clause* goes to the heart of enforceability." (emphasis added)); *Doc. 44* at 6 ("[D]isclosure of all defendants' files regarding the Exhibit B audit and the Royalty Review *as they involve the 500 Mcf Clause* is particularly critical to a resolution of this dispute . . . ." (emphasis added)). Therefore, documents of results from the Exhibit B Audit not related to 500 Mcf Clauses are not relevant, and Defendants do not have to produce them.

However, both the results of the Exhibit B Audit and the Royalty Review, insofar as they relate to 500 Mcf Clauses, are relevant to Plaintiff's claim of breach of the implied covenant of good faith and fair dealing. "[T]he implied covenant of good faith and fair dealing helps insure that both parties receive the benefit of their respective bargains. The covenant acts to protect the parties to the contract by prohibiting one party from obstructing the other party's benefit, whether that benefit is express or implied." *Sanders v. FedEx Ground Package Sys.,* 2008-NMSC-040, ¶ 10, 188 P.3d 1200. Better said, the covenant protects the spirit of the deal.

For Plaintiff to establish there has been a breach of the covenant, it is necessary to determine the initial intent behind the 500 Mcf Clause.[1] Here, the ORRI assignments were entered in to by predecessors in interest on both sides. Plaintiff correctly points out that it will be difficult, if not impossible, to locate the original parties. The Exhibit B Audit

---

[1] Plaintiff contends that the 500 Mcf Clauses are "common in federal lease overriding royalty instruments made in the San Juan Basin in the 1950's" and were never intended to be enforced. Rather, the clause "was included in overrides on federal leases solely for the purpose of obtaining BLM approval. . . . A 1950's federal regulation sought to limit the extent of overriding royalty on federal leases. 43 C.F.R. § 192.83." *Doc. 37* at 3. That regulation's limitation, as it applied to gas, was eliminated in 1959. *Id.*

and the Royalty Review results that show how Mcf Clauses have historically been enforced, and thereby indicative of a course of conduct, may assist in interpreting the original intent behind identical Mcf Clauses.

Further, the results are relevant to Plaintiff's breach of contract claim. Other district courts have held that extrinsic evidence is relevant in insurance disputes to prove the meaning of an ambiguous policy provision when "such information may show that identical language has been afforded various interpretations by the insurer . . . ." *Phillips v. Clark County School Dist.*, No. 2:10-cv-02068-GMN-GWF, 2012 WL 135705, at *5 (D. Nev. Jan. 18, 2012) (citing *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 106-017 (D.N.J. 1990) (quotations omitted)). Similarly here, COP's treatment of identical Mcf Clauses is relevant to interpreting that provision in this case.

### b. Proportionality

When relevance is not readily apparent, the burden of demonstrating relevancy rests on the party seeking discovery. *In re Vaughan Company*, 2014 WL 1278951, at *2 (citing *Williams*, 192 F.R.D. at 705). The party resisting discovery then "has the burden of showing undue burden or expense." *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 719 (D.N.M. 2017) (citing Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment). Such burden can be met by showing the request is overly broad or that the burden and expense outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

As discussed above, Plaintiff has met its burden to establish relevancy. However, Defendants advance no grounds nor make any effort to demonstrate that the burden or expense is out of proportion to the needs of the case. Therefore, this Court finds that

5

the results of the Exhibit B Audit and Royalty Review regarding 500 Mcf Clauses are both relevant and proportionate and therefore discoverable.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff SDF's Motion to Compel No.1 for Production of Documents is **granted in part**. No later than April 20, 2018, Defendants are to supplement their discovery responses to Plaintiff SDF's Request for Production No. 3 to include Royalty Review and any Exhibit B Audit documents concerning 500 Mcf Clauses. In all other respects, the motion to compel is denied.

_____
UNITED STATES MAGISTRATE JUDGE